# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-01-D |
| | ) |
| PROFESSIONAL ACCOUNT SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Professional Account Services, Inc.'s Motion to Dismiss Plaintiff's Complaint [Doc. No. 8], filed pursuant to Fed. R. Civ. P. 12(b)(6). Defendant asserts that Plaintiff has failed to state a claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and that the Complaint should be dismissed with prejudice. Plaintiff, who appears *pro se*, has responded in opposition to the Motion, which is fully briefed.

Defendant allegedly is engaged in the business of collecting debts from consumers by mail and telephone. The Complaint states that on December 8, 2014, Plaintiff communicated with Defendant by telephone in response to a letter he had received about a debt owed to Lea Regional Medical Center in the amount of $875.34. Plaintiff alleges that he disputed the debt during the telephone call and Defendant thereafter made illegal collection efforts by asking him to make a payment on the account. Plaintiff recounts three telephone conversations with representatives of Defendant, all of which were apparently initiated by Plaintiff. He states that two of the calls were terminated by the representative, and during the third call, the representative told him to send a letter to dispute the debt in writing. Plaintiff claims these facts establish violations of § 1692e, based on

a false or misleading statement to "send a letter of dispute," and § 1692g(b), based on requests for payment after he verbally disputed the debt. *See* Compl. ¶ 8.

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

**Discussion**

Defendant contends the Complaint fails to allege: that the subject of the collection activities was a consumer debt, as defined by 15 U.S.C. § 1692a(5); that Plaintiff disputed the debt in writing, as required by § 1692g(b); or that he did so within 30 days of receiving the initial communication from Defendant, as required to trigger the protection of § 1692g(b). Defendant also argues that it was not false or misleading to advise Plaintiff to send a dispute letter. In response, Plaintiff contends it should be obvious that the debt was incurred for personal or family purposes because it was a medical bill, as evidenced by the fact that the creditor was a medical center. He also presents a copy of a collection notice dated November 24, 2014, to show that he contacted Defendant within 30 days. Finally, Plaintiff argues that the FDCPA does not require a debt to be disputed in writing

to trigger § 1692g(b) and thus Defendant's instruction to send a dispute letter was false and misleading, in violation of § 1692e.

Plaintiff's position regarding the requirement of the statute is incorrect. He mistakenly relies on *Clark v. Absolute Collection Service, Inc.*, 741 F.3d 487 (4th Cir. 2014), for the broad proposition that a consumer can orally dispute the validity of a debt. The statutory section at issue in *Clark* was § 1692g(a)(3); the provision at issue in this case is § 1692g(b). The Fourth Circuit in *Clark* expressly distinguished § 1692g(a)(3) from other provisions of the FDCPA, including § 1692g(b), that "explicitly require written communication." *Id*. at 491. Here, Plaintiff claims that Defendant was required to cease collection efforts until it obtained verification of the debt. This requirement arises only "[i]f the consumer notifies the debt collector **in writing** . . . that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor." *See* 15 U.S.C.A. § 1692g(b) (emphasis added). Further, the statute expressly states: "Collection activities and communications that do not otherwise violate this subchapter may continue . . . unless the consumer has notified the debt collector **in writing** that the debt, or any portion of the debt, is disputed . . . ." *Id*. (emphasis added). Accordingly, to gain the protection of § 1692g(b), Plaintiff was required to inform Defendant in writing that the debt was disputed.

Plaintiff admits he only informed Defendant orally during a telephone conversation that he disputed the debt to Lea Regional Medical Center. This verbal dispute was insufficient to require Defendant to cease collection efforts. Therefore, the Complaint plainly fails to allege a violation of § 1692g(b). Because there was nothing false or misleading about Defendant's instruction to send a dispute letter to obtain verification of the debt, the Complaint also fails to allege a violation of § 1692e. For this reason, the Court finds that Plaintiff has failed to state a FDCPA claim.

3

**Conclusion**

The Court finds that Plaintiff's Complaint fails to state a claim against Defendant on which relief can be granted. The Court further finds no basis for granting Plaintiff leave to amend his Complaint.[1]

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint [Doc. No. 8] is GRANTED. Judgment shall be entered accordingly.

IT IS SO ORDERED this 11th day of May, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). Further, "[w]here a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave." *Burnett v. Mortgage Electronic Registration Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013) (citing *Calderon v. Kansas Dep't of Soc. & Rehab. Svcs.*, 181 F.3d 1180, 1185-87 (10th Cir. 1999); *Glenn v. First Nat'l Bank*, 868 F.2d 368, 371 (10th Cir. 1989).